In the Matter of Solá é Hijo.

---

# IN THE MATTER OF SOLÁ É HIJO, S. EN C., BANKRUPT.

San Juan, in Bankruptcy, No. 61.

ON REVIEW OF REFEREE'S ORDER FOR TRUSTEE TO MAKE DEED.

Hearing—Presence of Creditors.

1. In proceedings before an American court, both parties have the

In the Matter of Solá é Hijo.

right to be present and examine witnesses; but under the bankruptcy law some things are matters of administration, and may be done by the referee without the presence of creditors.

Review—Conclusion of Referee.

2. The finding of a referee in bankruptcy upon matters of fact will be sustained on review unless clearly wrong.

Referee—Power to Order Deed.

3. Whether the referee has the power to order the execution of a deed to carry out a contract is not material when the question is presented to the bankruptcy court for review. The court has power to make such order, either by original or review jurisdiction.

Referee—Absence of Judge.

4. In Porto Rico the absence of the Federal judge from the district confers no greater powers upon the referee. The organic act provides that a substitute judge can be appointed at any time it becomes necessary, and in the eye of the law, therefore, a judge is always on the island.

Referee—Proceedings Informal.

5. Proceedings before a referee are not required to be conducted with the full formality of a court; and his action upon evidence will be affirmed unless it is shown that evidence was excluded which would change the result.

Bankruptcy Court—Concurrent Jurisdiction.

6. The Federal court has exclusive jurisdiction in bankruptcy proceedings from petition to discharge, but only concurrent jurisdiction of suits by the trustee to reduce alleged assets to possession. Where an adverse holder invokes the jurisdiction of the Federal court, no question of jurisdiction arises, and the court will proceed.

Opinion filed October 28, 1913.

---

*Mr. Hugh R. Francis* for petitioner Cadierno, trustee.

*Mr. Jos. Anderson, Jr.,* for creditors.

In the Matter of Solá é Hijo.

HAMILTON, Judge, delivered the following opinion:

This matter came before the court upon a rule on the trustee, Cadierno, to show cause why he should not be punished for contempt in not executing a deed required by an order of Referee Molina, September 4, 1913; but as it was sufficiently shown that the trustee on September 30 filed a petition for review of the referee's said order, the proceeding for contempt was waived, and the case now comes up on the petition for review of the referee's order directing the deed to be made. The order of Referee Molina grew out of certain proccedings before him, in which there was a hearing at Caguas on August 22, but more particularly one the next day at San Juan, called by the referee for the purpose of taking the testimony of Magin R. Arguelles and Celestino Solá. On motion by the attorney of the trustee the examination was private, and the attorneys for the creditors were, against their protest, excluded from taking part in the examination, although permitted to remain in the room. This examination led to other proceedings in which, on the one side, a motion was made by the said Celestino Solá, filed August 28, 1913, which sought to have the said trustee execute to the petitioner a deed of conditional sale, known to the local law as *escritura de venta con pacto de retro,* and on the other hand, the trustee, on August 29, 1913, petitioned that he be allowed to establish a suit against Celestino Solá to set aside a mortgage of Marcelino Solá of July 8, 1913, for $8,449 on a certain storehouse in Caguas. These two applications brought fully before the referee the facts concerning the validity of the mortgage in question, and no further testimony was offered by either side. Incidentally, the trustee, on September 4,

In the Matter of Solá é Hijo.

1913, filed a motion for the allowance of $220.42 expenses connected with stopping the sale of the property under a forced mortgage. These expenses he asked to have allowed by the referee.

The conclusion of the referee upon the facts developed was that the mortgage to Celestino Solá was valid. He refused the motion of the trustee for leave to institute suit to cancel it, but allowed the expenses connected with stopping the prior mortgage sale, and granted the motion of Celestino Solá to require the trustee to execute to him the *escritura de venta con pacto de retro*. This order of Referee Molina, dated September 4, 1913, is the one now presented for review. In connection with this the referee makes a special report bearing the same date, concerning the Celestino Solá mortgage. There was an incidental proceeding by which Celestino Solá went before the notary, Carlos B. Buitrago, and required him to make demand, required by the local law, upon Trustee Cadierno to execute the deed, and the certificate of the notary shows that the trustee refused on the ground, first, that he had not received any order from the referee on the subject, and in the second place, that the property was not in the trustee's name. The last papers in the series are certificates of Referee Molina, certifying all the facts and papers in the case.

1. Although not formally presented, it was argued on the hearing that the referee had no right to exclude the creditors from examination of witnesses brought before him at the instance of the trustee. It is undoubtedly true that in any proceeding before an American court, both parties can be present, and have the right to cross-examine witnesses. The bankruptcy law, however, does not contemplate that everything be done be-

In the Matter of Solá é Hijo.

fore a court as such. The referee may preside over meetings
of creditors, and the trustee has to consult the referee upon a
number of questions which are administrative or only *quasi*
judicial. Amongst these is the examination of persons con-
cerning the business of the bankrupt. Bankruptcy act, § 21a,
gives the trustee this right for his own guidance, and it is not
contemplated that there shall be a public court proceeding. All
creditors are entitled to ten days' notice of the examination
of the bankrupt, but they are not entitled to notice of the exam-
ination of other witnesses. Collier, Bankr. 7th ed. 385.

2. The special matter presented for review is as to the mort-
gage of Marcelino Solá, July 8, 1911, to Celestino Solá. The
conclusion of the referee, after hearing witnesses at the in-
stance of the trustee, was that the mortgage was undoubtedly
valid as to the items making up three fourths of it, and he
was satisfied that it was valid as to the remaining $2,000. On
review the finding of the referee on facts will be sustained
unless clearly wrong.

3. The trustee, in opposition to the order of the referee,
argues that the referee had no power or jurisdiction to make
the order in question. Bankruptcy act, § 38a (4), provides:

"Referees respectively are hereby invested, subject always
to a review by the judge, within the limits of their districts as
established from time to time, with jurisdiction to . . .
(4) perform such part of the duties, except as to questions aris-
ing out of the applications of bankrupts for compositions or dis-
charges, as are by this act conferred on courts of bankruptcy
and as shall be prescribed by rules or orders of the courts of
bankruptcy of their respective districts, except as herein other-

wise provided." [30 Stat. at L. 555, chap. 541, U. S. Comp. Stat. 1901, p. 3435.]

The argument of the trustee is that this does not in this instance confer the powers of the court upon the referee, because there has been no such rule of court made in this district. The point, even if correct, however, is not material, because the matter is now before the court, which unquestionably has power to make the order.

4. It is suggested that the powers of the referee in this case were plenary, inasmuch as the judge was at that time away from the island. The bankruptcy act, for instance, gives the clerk power to perform the duties of the judge when the judge is out of the district, but it does not appear that the referee is given any greater powers in the absence of the judge (§ 18f). It would be an inconvenient, if not dangerous, practice that gives a high or low tide of power to the referee, dependent upon the absence or presence of the judge, which is not a matter of record. Moreover, the act of Congress of January, 1913, provides that in any case of necessity the judge of the local supreme court can be designated by the governor to supply the place of the district judge whenever the latter is absent. The presence or absence of the Federal district judge is not a material matter in legal proceedings.

5. The trustee further argues that the order was void because made without hearing the trustee, without taking evidence upon the question raised, and without argument. The papers certified up show an exhaustive examination of Celestino Solá and others at the instance of the trustee, on August 23. Celestino Solá files a motion for a deed on August 28, and the next

In the Matter of Solá é Hijo.

day the trustee files his motion for leave to sue for the cancelation of the mortgage. It is certified by the referee in effect that both matters were submitted upon the examination taken at the instance of the trustee on August 23, and that he thereupon made the order now complained of. No offer is even now made by the trustee, of further or different evidence. Proceedings before a referee are not required to be conducted with the full formality of a court, and in this case the court is satisfied that the matter was in effect properly submitted to the referee.

6. It is not necessary that a formal suit be brought by the trustee for all the purposes of bankruptcy matters. A Federal court of bankruptcy is vested with a double jurisdiction in such cases. In the first place, so far as concerns the actual bankruptcy proceeding, from petition to distribution and discharge, the Federal district court has exclusive jurisdiction. In the second place, so far as relates to efforts by the trustee to reduce to possession property supposed to belong to the bankrupt, but adversely held, the Federal court has concurrent jurisdiction with the local tribunals. If there had been a suit begun in a local court of proper jurisdiction, the Federal court would not interfere, but in this instance the adverse holder, Celestino Solá, himself invokes the jurisdiction of the Federal court by a petition seeking to have the trustee make a deed to him of the disputed property. This the court—that is, either the referee or the judge—had the power to grant, and the conclusion of the judge is the same as that of the referee in the matter.

It follows, therefore, that the review prayed for is denied, and the order of the referee is affirmed.